

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00141-CR

William Anthony **RUSSO** II,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Wilson County, Texas
Trial Court No. CRW1912241
Honorable Jennifer Dillingham, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:       Irene Rios, Justice
               Lori I. Valenzuela, Justice
               Velia J. Meza, Justice

Delivered and Filed: July 15, 2026

AFFIRMED

In a single issue, appellant William Anthony Russo II contends the district court that revoked his community supervision, adjudicated his guilt for the charged offense, and sentenced him to prison lacked jurisdiction to do so because a different district court, in the same county, initially accepted his guilty plea, deferred the adjudication of his guilt, and placed him on community supervision. We affirm.

**BACKGROUND**

After being indicted for committing the aggravated sexual assault of a child, Russo pled guilty to committing the offense. The Honorable Russell Wilson, duly elected to the 218th Judicial District Court of Wilson County, Texas (the "218th District Court"), presided over Russo's plea proceeding, wherein the trial court deferred adjudicating Russo's guilt and placed him on community supervision for ten years.

Subsequently, the State filed a motion to revoke Russo's community supervision. The Honorable Jennifer M. Dillingham, duly elected to the 81st Judicial District Court of Wilson County, Texas (the "81st District Court"), presided over Russo's revocation proceeding. Russo pled true to violating a term or condition of his community supervision, and the trial court accepted Russo's plea of "true." Following a sentencing hearing, the trial court revoked Russo's community supervision, adjudicated Russo guilty of committing the offense of aggravated sexual assault of a child, and sentenced Russo to serve fifty-six years in prison.

Russo appeals.

**APPLICABLE LAW AND ANALYSIS**

Russo argues that absent a transfer order, as prescribed by articles 42A.151 and 42A.754 of the Texas Code of Criminal Procedure, because he pled guilty to committing the offense, his guilt was deferred, and he was placed on deferred adjudication community supervision in the 218th District Court; he could not later have his community supervision revoked, his guilt adjudicated, and sentence imposed in the 81st District Court, as that court lacked jurisdiction. *See* TEX. CODE CRIM. PROC. ANN. arts. 42A.151 (explaining "the jurisdiction of the case [of a defendant placed on community supervision,] may be transferred to a court of the same rank in this state" based on geographical specifications), 42A.754 ("Only the court in which the defendant was tried may

revoke the defendant's community supervision unless the judge has transferred jurisdiction of the case to another court under [a]rticle 42A.151"). Russo's case, however, was not transferred to another district court, and thus these articles do not apply to this case.

The 81st District Court and the 218th District Court's judicial district consists of Atascosa, Frio, Karnes, LaSalle, and Wilson counties. *See* TEX. GOV'T CODE ANN. §§ 24.183(a), 24.396(a). Both courts have concurrent jurisdiction of felonies pending in their respective courts. *See* TEX. CODE CRIM. PRO. ANN. art. 4.05 (explaining that district courts have original jurisdiction of felony criminal cases); *see also* TEX. GOV'T CODE ANN. § 24.396(b) ("Indictments within each county[, in this case Wilson County,] may be returned to any district court[—the 81st District Court and the 218th District Court—]within that county.").

District judges in Texas are generally given broad authority to conduct proceedings of other district courts in the same county. *See* TEX. CONST. art. V, § 11 ("District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law."); TEX. GOV'T CODE ANN. § 24.003; *see also In re Schmitz*, 285 S.W.3d 451, 454 (Tex. 2009) (explaining that "Texas law allows judges to sit for one another whenever they choose"). Specifically, section 24.003 of the Texas Government Code provides:

> (a) This section applies only to counties with two or more district courts.
>
> (b) Unless provided otherwise by the local rules of administration, a district judge in the county may:
> . . . .
>
> (2) hear and determine any case or proceeding pending in another district court in the county without having the case transferred;
>
> (3) sit for another district court in the county and hear and determine any case or proceeding pending in that court;
>
> (4) temporarily exchange benches with the judge of another district court in the county; [and]

. . . .

      (6) occupy the judge's own courtroom or the courtroom of another district court in the county.

. . . .

      (d) A district judge in the county may hear and determine any part or question of any case or proceeding pending in any of the district courts, and any other district judge may complete the hearing and render judgment in the case or proceeding.

TEX. GOV'T CODE ANN. § 24.003(a), (b), (d).

Under these circumstances, nothing in the Texas Government Code or the Texas Constitution requires a written order or explanation for an exchange of benches by district judges in the same county. *See* TEX. CONST. art V, § 11; TEX. GOV'T CODE ANN. § 24.003; *see also Mata v. State*, 669 S.W.2d 119, 121 (Tex. Crim. App. 1984) (stating it is not necessary for the court file to reflect the reason for the exchange of benches by district judges, and "a formal order need not be entered"). We conclude the trial court properly exercised jurisdiction over Russo's case.

Accordingly, we overrule Russo's appellate issue.

## CONCLUSION

Having overruled Russo's sole issue on appeal, we affirm the trial court's final judgment adjudicating guilt.

Irene Rios, Justice

DO NOT PUBLISH